UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:17-CR-40-CHB-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| ABDUL WILKERSON, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers reported supervised release violations by Defendant Abdul Wilkerson. District Judge Boom entered a judgment against Defendant on March 27, 2019, following a plea of guilty to a violation of 21 U.S.C. § 846, Conspiracy to Distribute 5 or More Grams of Methamphetamine. D.E. 530 at 1. Defendant was originally sentenced to sixty-six months of imprisonment and a four-year term of supervised release. *Id.* at 2–3.

Defendant was released from custody to begin service of his four-year term of supervised release on February 15, 2022. Defendant's supervised release was revoked on June 28, 2022, after he was accused of violating the terms of his supervised release. D.E. 766. Defendant had, among other violations, used a controlled substance. D.E. 767. After being sentenced to twelve months and one day in prison, and a four-year term of supervised release, Defendant began his term of supervised release on April 17, 2023.

On August 22, 2023, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on August 23, 2023. D.E. 783. Defendant was arrested on August 25, 2023. The Report charges Defendant with three violations stemming from his conduct after his mother's death.

Violation #1 alleges that he violated 21 U.S.C. § 844(a) by admittedly possessing methamphetamine. This is a Grade B violation. Violation #2 alleges that Defendant violated special condition # 2 by testing positive for methamphetamine and marijuana, and subsequently admitting to the use of both substances. This is a Grade C violation. Violation #3 alleges that Defendant failed to report to his abuse treatment program, thereby violating special condition #6 of his supervised release. This is a Grade C violation.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on August 28, 2023. D.E. 784. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on September 5, 2023, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 786. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the parties recommended fourteen months of imprisonment followed by one year of supervised release.

II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 21 U.S.C. § 846, Conspiracy to Distribute 5 or More Grams of Methamphetamine, is a Class B felony. *See* 18 U.S.C. § 3559(a)(2); 21 U.S.C. § 841(b)(1)(B)(viii). For a Class B felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is 3 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade B violation with respect to Violation # 1 and a Grade C violation with respect to Violations # 2 and 3. Given Defendant's criminal history category of III (the category at the time of Defendant's conviction in

3

this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1). *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court was "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Nothing in the record supports application of the exception. The Guidelines also recommend revocation: "Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release." USSG § 7B1.3(a)(1).

III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence of between 8 and 14 months as its starting point and has remained cognizant of it in forming its recommended

revocation sentence. *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court will recommend that Defendant's supervision be revoked and that he be sentenced to 14-month term of imprisonment followed by 1 year of supervised release.

The parties addressed the statutory factors in making their sentencing recommendations to the Court. The government argued that a top of the Guidelines sentence should be imposed because of the gravity of Defendant's violations. The government further pointed out that Defendant had breached the Court's trust, noting that Defendant has repeatedly violated the terms of his supervised release. It also argued that Defendant remains a danger to the community. The government explained that it did not seek an above Guidelines sentence due to Defendant's desire to be a father to his children.

Defense counsel pointed out that Defendant has accepted responsibility, and that there were circumstances which mitigated the severity of Defendant's violation. Specifically, defense counsel pointed out that Defendant's mother passed immediately before Defendant used methamphetamine. Defense counsel explained that Defendant's methamphetamine use was triggered by his mother's passing. Although defense counsel acknowledged that Defendant lied to USPO about his methamphetamine use, Defendant only did so to ensure that he could attend his mother's funeral. Defense counsel also explained that Defendant recognizes the harms of methamphetamine and is tired of it continuing to affect his life, especially since it affects the relationship he has with his children. Defendant explained that he regretted his actions and wished to take responsibility for them. Defendant explained that he wishes to make amends for his past

wrongdoing and seeks to become a law-abiding member of society. Defendant also informed the Court that he thinks he needs some sort of structure to be successful in that endeavor.

First, concerning the nature and circumstances of the underlying offense. Here, the underlying offense was Conspiracy to Traffic Five or More Grams of Methamphetamine, unquestionably a serious offense that indicates Defendant is capable of very dangerous criminal conduct.

The Court next considers Defendant's history and characteristics. Defendant has committed multiple violations of the conditions of his release, including a return to drug use and possession after a lengthy revocation sentence. The Court notes that Defendant turned back to drugs in the aftermath of his mother dying. That reason for using methamphetamine somewhat mitigates the severity of Defendant's violation. But the stated reason does not eliminate its severity, as all of us face traumatic events during our lives, but most of us do not break the law in response to those events. Defendant's status as an individual who has a demonstrated desire to be an involved father also supports leniency, as a lengthier prison term would likely harm his children. In addition, the Court is aware of Defendant's childhood difficulties, and the resulting deficiency of a pre-existing support structure that Defendant could rely on. But Defendant is now an adult who can choose to create and maintain that support network.

The need to deter criminal conduct, both for Defendant and society, and the need to protect the public from further crimes heavily influence the Court's recommended sentence, specifically its recommendation of an additional term of supervision. Defendant's criminal conduct in selling drugs has placed the public at risk. As Defendant's use of drugs has been accompanied by his drug dealing in the past, his choice to use methamphetamine indicates he remains a danger to the general public. Defendant's choice to ignore the conditions imposed upon him by the Court, even

after a prior revocation, indicates a need to impose a lengthier sentence to impress upon him the need to follow those conditions.

The Court must also consider whether a defendant needs any education, training, or treatment. Defendant is a drug addict who needs treatment for his addiction. This informs the Court's recommendation that Defendant be required to immediately report to rehab upon release from Defendant's term of imprisonment. The Court believes, based on conversations with the USPO, that this change in the terms of Defendant's supervised release will increase the odds that Defendant successfully complete his course of treatment.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. Defendant's acknowledgement that structure is necessary for his success counsels in favor of requiring him to serve a term of supervised release to help provide that structure.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is also a relevant consideration. The Court is cognizant that by sentencing Defendant within the Guidelines recommendations, the Court ensures that he is being treated like other defendants. Thus, his 14-month revocation prison term and one year term of supervised release furthers the Guidelines' underlying purpose of reducing disparities between similarly situated offenders.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Not only did Defendant violate

the terms of his supervised release by using methamphetamine, he also lied about doing so. That sort of dishonesty undermines the trust that the Court had in Defendant's ability to follow the law. That lying compounds Defendant's underlying breach of trust stemming from his choice to use methamphetamine. Defendant's decision to lie about his methamphetamine strongly supports imposing a harsh penalty on Defendant.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violations;

(2) Revocation and imprisonment for a term of fourteen months; and

(3) one year of supervised release under the conditions contained in Defendant's prior revocation judgment, except that his treatment condition should specifically require him to immediately report to an appropriate rehab program upon the completion of his term of imprisonment.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 786. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Boom docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 12th day of September, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge