UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-040-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ABDUL WILKERSON, | ) | **ORDER ADOPTING** |
| | ) | **RECOMMENDED DISPOSITION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court following Defendant Abdul Wilkerson's final revocation hearing on three charges of violating conditions of supervised release. *See* [R. 786]. At the hearing, Defendant waived a formal hearing and stipulated to the violations set forth in the Violation Report [R. 782], and Magistrate Judge Ingram found Defendant competent to so stipulate, and that the stipulation was knowingly, voluntarily, and intelligently made. [R. 786]; [R. 787, p. 1].

In his Recommended Disposition, Magistrate Judge Ingram correctly noted that, notwithstanding Defendants' stipulation, the Court must still find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Having fully considered the charges and the record before him, Magistrate Judge Ingram recommended that Defendant be found guilty of all violations in the Violation Report, that his supervised release be revoked, and that he be imprisonment for a term of fourteen months, followed by one year of supervised release under the conditions contained in Defendant's prior revocation judgment, except that his treatment condition should specifically require him to immediately

1

report to an appropriate rehabilitation program upon the completion of his term of imprisonment. [R. 787, p. 8].

Magistrate Judge Ingram informed Defendant of his right of allocution and his right to object to the recommendation. *See id.* Defendant waived his right of allocution and offered no objection. *See* [R. 788 (Signed Waiver of Allocution)]. The fourteen-day objection period has expired, and the United States also did not object to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Thomas v. Arn, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Ingram's Recommended Disposition. The Court thus, with no objection from any party and on full review of the record and Magistrate Judge Ingram's thorough treatment, **ORDERS** as follows:

1. Magistrate Judge Ingram's Recommended Disposition is **ADOPTED** as the opinion of this Court and **ADJUDGES** Defendant Abdul Wilkerson guilty of the violations contained in the Violation Report [R. 782].

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Wilkerson to 14 months' imprisonment, to be followed by a continuation of supervised release for one year under Wilkerson's original terms of supervision, with the following additional conditions:

2

     a.   That Wilkerson's treatment condition should specifically require him to immediately report to an appropriate rehabilitation program upon the completion of his term of imprisonment.

3.   The Court will enter an appropriate revocation judgment.

This the 2nd day of October, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:  Counsel of Record
     United States Probation